Case 08-29072    Filed 05/20/09    Doc 95

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 08-29072-D-13L |
| JAY D. OLLIG and<br>HELEN RENEE OLLIG, | Docket Control No. DEF-3 |
| Debtors. | Date: May 19, 2009<br>Time: 1:00 p.m.<br>Dept: D |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

## MEMORANDUM DECISION AND ORDER

On March 28, 2009, the debtors herein, Jay D. Ollig and Helen Renee Ollig, filed an Objection to Allowance of Claim of Don H. Lee (Claim No. 9), bearing Docket Control No. DEF-3 ("the Objection"), by which the Olligs seek disallowance of the unsecured claim of Don H. Lee. The Objection was supported by exhibits and a declaration of debtor Jay Ollig. Lee filed opposition, a declaration, and exhibits on April 24, 2009, and the matter was heard and argued on May 19, 2009.

Prior to the commencement of this chapter 13 case, Lee's claim against the Olligs was the subject of an action in the Superior Court of Amador County, California, <u>Lee v. Ollig</u>, Case No. 06CV4395 ("the state court action"). On November 2, 2006, Lee obtained a default judgment against the Olligs; on October 12, 2007, the state court set aside that judgment. On November 9, 2007, Lee appealed the order setting aside the judgment to the Appellate Panel of the Amador County Superior Court. The appeal

Case 08-29072    Filed 05/20/09    Doc 95

was still pending when the Olligs commenced this chapter 13 case on July 7, 2008, and was stayed by the filing of their bankruptcy petition. 11 U.S.C. § 362(a)(1).

This court finds that the propriety of the order setting aside the default judgment should be determined in the state court appellate process initiated by Lee's filing of a notice of appeal. Thus, the court will sua sponte terminate the automatic stay to allow the parties to proceed with that appeal. Further, because the validity of Lee's claim in this case may ultimately be determined by the outcome of the appeal, the court will overrule the Objection at this time without prejudice.

WHEREFORE, IT IS HEREBY ORDERED:

1. The automatic stay of 11 U.S.C. § 362(a) is hereby terminated with respect to the appeal pending in the Appellate Panel of the Amador County Superior Court as Case No. 07-AP-0115, and the parties are free to proceed with that appeal;

2. The Objection is overruled without prejudice.

Dated: May 20 2009

ROBERT S. BARDWIL
United States Bankruptcy Judge

# CERTIFICATE OF MAILING

I, Andrea Lovgren, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Office of the United States Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Jay & Helen Ollig
14420 Crestview Dr.
Pine Grove, CA 95665

David Foyil
18 Bryson Dr.
Sutter Creek, CA 95685

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812-1858

Don Lee
145 Jasper Way
San Andreas, CA 95249

DATE: May 20, 2009

_____
Deputy Clerk